UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE ROSE,

        Plaintiff,

  v.

JOAN GROSS.,

        Defendant.

Case No. 1:15-cv-234

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This action is before the Court on the application of Wayne Rose[1] to proceed without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 1). Section 1915(a)(1) requires individuals seeking pauper status to file an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees or give security therefor. All individuals who seek pauper status in federal court must file this affidavit and failure to do so mandates a denial of the pauper request. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997), *overruled in part on other grounds*, *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

Plaintiff's initial application was facially inadequate because it was not taken before a person having authority to witness the affirmation, such as a notary public. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (affidavit is required to be sworn to by affiant in front of an officer authorized to administer oaths). Nor did the document amount to an unsworn declaration under penalty of perjury pursuant to 28

---

[1] The application lists his name as "Wayne Rose," but the undersigned notes that Plaintiff has typed his name as "Wayne Ros__s__" rather than "Wayne Rose" on the signature line on the last page of his complaint. (Doc. 1-1 at 6).

U.S.C. § 1746 showing plaintiff is unable to afford the filing fee in this matter. In Plaintiff's initial application, the "Declaration" portion of the form that required the plaintiff to acknowledge the truth of his statements "under penalty of perjury" was left blank.

Due to these deficiencies, on April 27, 2015, Plaintiff was granted a thirty-day extension of time to pay the required filing fee or resubmit his application to proceed *in forma pauperis* with the appropriate notarization or declaration under penalty of perjury. (Doc. 2). Plaintiff was advised that his complaint will not be deemed "filed" until the appropriate filing fee is paid or he is granted leave to proceed *in forma pauperis*. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Plaintiff was also advised that if he fails to pay the filing fee or resubmit his application to proceed *in forma pauperis* within thirty days, the undersigned would issue a report recommending that his application to proceed without prepayment of fees or costs be denied. (Doc. 2).

To date, more than thirty days later, plaintiff has failed to comply with the Court's order. Accordingly, it is **RECOMMENDED** that plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this matter be closed and terminated on the docket of this Court.

                                                    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WAYNE ROSE,                                               Case No. 1:15-cv-234

       Plaintiff,                               Barrett, J.
                                                                    Bowman, M.J.

  v.

JOAN GROSS.,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).